CASE No. 1167.

HARRIS v. MARCO.

1. In action for assault and battery committed on the person of plaintiff while the parties were engaged in a contest over the ownership of a horse, which was found by the plaintiff in a public place and peaceably taken into her actual possession in defendant's view, the Circuit judge did not err in charging the jury that the owner of the property could resist any attempt to take it away, but that he must not commit an assault and battery, or breach of the peace—if he did so, he was liable.

2. The charge of a judge to a jury should never be considered abstractly, but always in its relation to the facts of the case as developed on the trial.

3. Evidence of a matter not shown to be relevant is not admissible on the bare statement of counsel that there is a connection between the cause at issue and the evidence proposed.

4. In action for assault and battery and false imprisonment, there was no error in charging the jury that the wealth of defendant was a proper matter for the jury to consider in making up their verdict. *Rowe* v. *Moses*, 9 *Rich.* 426, recognized and followed.

Before WALLACE, J., Darlington, October, 1881.

Action by Abigail J. Harris against Samuel Marco, demanding $5,000 damages, for assault and battery and false imprisonment, committed by defendant on the person of plaintiff on December 22d, 1879.

The second exception correctly states the ruling of the Circuit judge and the matters connected therewith. The plaintiff stated in his proposed case the charge of the judge complained of in his first exception. To this defendant proposed an amendment which was submitted to Judge Wallace for settlement. The settlement was as follows: "The difference between counsel in this case relates to the terms of the charge to the jury upon one point. I cannot recall at this distance in time, with absolute certainty, the precise terms of an extemporaneous charge. Of course, whatever was said was intended to have relation to the facts of the particular case. It was not disputed that plaintiff had hold of the bridle reins on the horse when defendant ap-

proached her. ·On this state of facts, together with the other facts that appear in the brief, I charged the jury, among other things, ' that the owner of the property could resist any attempt to take it away, but that he must not commit an assault and battery or breach of the peace. If he did so, he was liable.'"

He further charged, at the request of plaintiff's counsel, that the wealth of the defendant was a proper matter for the jury to consider in making up their verdict, without explanation and without further words in that connection. There was, however, no request on the part of defendant for further explanation.

This is all of the charge that the brief contains.

*Messrs. Boyd & Nettles,* for appellant.

*Mr. G. W. Dargan,* contra.

March 14th, 1882. The opinion of the court was delivered by

SIMPSON, C. J. The plaintiff seeks to recover damages for an alleged assault and battery and false imprisonment committed by the defendant.

The facts are briefly as follows : Holly Harris, the husband of the plaintiff, on the morning of the day of the difficulty carried into Darlington village a bag of cotton. He drove up in front of the store of the defendant, and, unhitching his horse from the cart, left them standing on the public square, while he crossed the square to see some one on business. When he left he called to the defendant to take charge of the horse until he returned. The plaintiff, who was living apart from her husband, finding the horse standing as above described and claiming it as her property, walked up and seized the bridle and was in the act of leading the horse off, when, defendant's attention being attracted, he ran out and resisted. Holly Harris returned in a few minutes, when the defendant retired, leaving the struggle to Harris. This was kept up during the greater part of the day between man and wife, until in the evening these parties were found in an enclosure behind defendant's store, with the contest still undecided, when defendant shut the gate and kept them confined until after

dark, when he unlocked the gate and released them. The plaintiff finally gave up the struggle and yielded possession to her husband.

The above is a skeleton of the case; the filling up on the one side by the plaintiff, of the aggravating circumstances accompanying the injury of which she complained, and the palliations in the defense, were matters of testimony and need not be particularly stated, as the questions of law involved in the appeal do not depend upon these facts. The defendant, in his testimony, at one time stated that Holly Harris had left the horse in his charge when he crossed the square. Afterwards, he corrected himself and said that Harris had delivered the horse to him that morning under a bill of sale. After full testimony, the jury found for the plaintiff one thousand dollars. The defendant moved for a new trial, which was refused. He then appealed, on the following grounds:

" 1. Because the presiding judge charged the jury that while the owner of property could resist any attempt to take his property in his view, in making such resistance he must not commit an assault and battery or breach of the peace.

" 2. Because when defendant's counsel proposed to question the plaintiff when upon the stand, as to the alleged wrongful taking of a bale of cotton a few days previous to the assault and battery and false imprisonment charged in the complaint, stating that the taking of the said cotton was connected with the alleged assault and battery and false imprisonment, and would show the animus of the parties, plaintiff and defendant, his Honor refused permission to ask the said question on the ground of irrelevancy.

" 3. Because his Honor charged the jury, that the wealth of the defendant is a proper matter for the jury to consider in making up their verdict, without giving any explanation as to the contingency under which, and the purposes for which, the wealth of the defendant might properly be considered." In all of which the defendant respectfully submitted that his Honor erred.

While the charge of the judge as to the point embraced in the first exception, if it stood alone and independent of the facts and circumstances of the case, might be too broad and general, yet

when applied to the case then under consideration, we do not think there was error. It would be too wide to say, that under no circumstances could one be held excusable for committing an assault and battery or breach of the peace, in resisting an attempt to take his property, in his view, where property is in one's enclosure, or in his house, but not in his actual manual possession, and in that sense simply in his view only. It would not do to say, that he could not resist the taking of that property, by a robber or other person without claim, even to the extent of all necessary violence. The law is not unreasonable, and in such case it would not impose restriction.

But, where there is a contest over title to property, and one of the claimants gets actual possession peaceably, either by finding it in some public place, or otherwise, the other cannot retake it by violence. He must resort to the law, and, though the delay may be dangerous, yet the public peace is more important than his private interests, and this requires that he should stay his hand. He may interfere, if the property is taken in his view, but he must stop short of a breach of the peace. The law will not allow him to commit an assault and battery on the other party over and above, *molliter manus imposuit*. *Davis* v. *Whitridge*, 2 *Strobh*. 240; *State* v. *Lazarus*, 1 *Mill Con. R.* 34.

The charge of a judge on appeal should never be considered abstractly. This would be unjust and would frequently put him in error, when in fact there was no error. In this case we do not suppose that Judge Wallace intended to convey the idea that no one could resist, in the broad language found in this exception. But he was charging to the case, and this case was one where the property in dispute was found in the public square of a village, almost in overt market. One claimant, not with a strong hand, but peaceably, had gotten actual manual possession, which was legal, and when in the act of leading the horse off, the other, who was in view, resists, and in resisting commits an assault and battery. Under this state of facts, we think his charge was correct, and is sustained by the cases already referred to. See, also, 2 *Greenl. Ev.* § 95.

The second exception objects to the exclusion of certain testimony offered by the defendant, on the ground of irrelevancy.

An important rule of evidence is, that the testimony must be confined to the issue; when, therefore, testimony is offered of an independent fact not connected with the issue, it is not error to exclude it on the ground of irrelevancy. This rule, it is true, should be liberally interpreted and enforced. Counsel may see the pertinency of a fact, when this might escape a judge.

But, where the testimony is pertinent, if objected to, its pertinency should be shown. Here, it does not seem to us that the fact attempted to be proved had any connection whatever with the case. It was a matter which occurred days before, and with which the defendant was in no way, as we can see, concerned. Nor do we find anything in the argument showing its relevancy to the question at issue. We find no error, therefore, in its exclusion.

The third exception is in conflict with *Rowe* v. *Moses,* 9 *Rich.* 426, and the cases there cited, and must be overruled.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.

McIVER, and McGOWAN, A. J.'s, concurred.